UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSE PAGAN,
    *Petitioner*,

v.

WARDEN MALDONADO, *et al.*,
    *Respondents*.

No. 3:15-cv-111 (JAM)

**RULING DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jose Pagan has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is serving a sentence of 13 years of imprisonment following his conviction in a Connecticut state court on charges of sexual assault in the first degree, in violation of Connecticut General Statutes § 53-70(a)(2), and risk of injury to a minor, in violation of § 53-21(a)(2). He now contends that his constitutional rights were violated on the grounds that the state court erroneously denied his motion to suppress incriminating statements that he made to the police, that his trial counsel provided ineffective assistance of counsel, and that the state court improperly refused to appoint him counsel for purposes of his state habeas corpus proceedings. For the reasons stated below, I will deny the petition for habeas corpus.

**BACKGROUND**

According to the evidence presented at trial, between October 2004 and February 2005, petitioner had sexual contact and sexual intercourse with a 12-year-old girl several times. After a jury trial in 2006, he was convicted of first degree sexual assault and risk of injury to a minor. He was sentenced to 13 years in prison followed by 12 years of special parole. His conviction was affirmed on direct appeal, *State v. Pagan,* 107 Conn.App. 118 (2008), *cert. denied*, 287 Conn. 917 (2008), and his state petition for habeas corpus was also denied, *Pagan v. Warden, State Prison*, 2013 WL 539195, at *1 (Conn. Super. Ct. 2013), *aff'd sub nom. Pagan v. Comm'r of*

*Correction*, 153 Conn. App. 904 (2014). He now brings the instant federal habeas petition, which seeks to challenge his conviction on the grounds that the state court improperly denied his motion to suppress incriminating statements, that he received ineffective assistance of counsel, and that he was denied counsel for his state habeas petition.

### DISCUSSION

Federal courts have very limited authority to overturn state court convictions. A state court defendant who seeks relief by way of a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must show that his state court conviction was rendered by means of a very clear violation of federal law—*i.e.*, that the state court's adjudication of his claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or that it "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2); *see also Chrysler v. Guiney*, 806 F.3d 104, 118 (2d Cir. 2015) (reviewing governing standard); *Robinson v. Arnone*, 2016 WL 223693, at *1 (D. Conn. 2016) (same.

This is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). As the Supreme Court has more recently explained, "[w]hen reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 135 S. Ct 1372, 1376 (2015) (*per curiam*).

*Motion to Suppress*

Petitioner asserts that the state court unreasonably applied federal law when it denied his motion to suppress incriminating statements that he made to the police. Petitioner argues that these statements were made in violation of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).

When petitioner complained to the police that he was receiving harassing telephone calls from the victim of his sexual assaults, two New London police officers were dispatched to petitioner's apartment. One of the officers had been investigating the victim's complaints of sexual assault, and he informed petitioner of this fact and showed petitioner that he had acquired motel receipts that were evidence of the crime. Petitioner then made one or more incriminating statements. The police asked him to go to the police station to give a statement. He rode with the police to the station, during which time he telephoned his fiancée and told her he was on the way to the police station. When they arrived at the police station, petitioner asked to call his attorney, and he was permitted to do so; then, upon the advice of his attorney, petitioner declined to give a written statement, and one of the police officers then took petitioner back to his apartment. The police neither gave petitioner any *Miranda* warnings nor placed him under arrest at that time. *See State v. Pagan*, 107 Conn. App. 118, 120-23 (2008).

The trial court denied petitioner's motion to suppress, concluding that he was not in "in custody" for purposes of triggering the protections of the *Miranda* rule at the time that he made incriminating statements. Petitioner appealed, and the Connecticut Appellate Court affirmed the trial court, noting that petitioner's claim rested on a challenge to the trial court's factual findings that the police had not acted coercively (*e.g.,* rejecting petitioner's claim that the police locked

3

the door of his apartment and that they called him a liar). *See State v. Pagan*, 107 Conn. App. at 125.

Petitioner has not shown that the Connecticut Appellate Court misstated the requisites of the *Miranda* rule. To the contrary, the Appellate Court carefully and correctly set forth the governing legal standard. *See, e.g., Howes v. Fields*, 132 S. Ct. 1181, 1189-90 (2012) (explaining *Miranda* "in custody" standard). Nor has petitioner done anything else to show that the state courts unreasonably applied the *Miranda* "in custody" standard to the facts of his case. Instead, petitioner relies on his own reiteration of facts (Doc. #10 at 8-9) that were rejected by the state courts, and petitioner does not set forth any tenable grounds for me to conclude that the state court's factual determinations were clearly erroneous or unreasonable. Accordingly, I conclude that petitioner is not entitled to federal habeas corpus relief on the ground of any violation of his *Miranda* rights.

### *Ineffective Assistance of Counsel*

Petitioner claims that his trial counsel rendered constitutionally ineffective assistance of counsel. He raised sixteen separate claims of ineffective assistance of his trial counsel in his state habeas petition. The specific claims were described at length by the Connecticut Superior Court at the state habeas trial as follows:

> Petitioner alleged that his attorney failed to familiarize himself with the case and obtain all discovery material in the state's possession as well as the names and addresses of the state's witnesses. Attorney Cocheo had passed away prior to the trial and was, therefore, unavailable to testify. There was evidence, however, that the state's attorney's office had a liberal open file system and that Attorney Cocheo was able to review all documents in the file and make copies of anything as desired. This informal discovery was more than adequate and it must be found that Attorney Cocheo was aware of everything in the state's file including the names and addresses of witnesses well before the start of trial.
>
> A review of the transcripts also indicates that the attorney well-prepared and able to cross examine witnesses. It is alleged in the petition that Attorney Cocheo was

4

remiss in not moving for a continuance to prepare for a surprise witness and to make timely objections. The surprise witness was Milixabel Soto. Ms. Soto was a cousin of the victim and had been petitioner's fiancee. It was Ms. Soto who obtained the services of Attorney Cocheo for petitioner. After petitioner's arrest, Ms. Soto executed a written notarized statement in support of petitioner and casting doubt about the victim's credibility. Prior to trial, the state's attorney, Lawrence Tytla, obtained a new statement from Ms. Soto which included admissions by petitioner of his sexual activity with the victim. Attorney Cocheo was made aware of the situation and provided with a copy of Ms. Soto's statement. The transcript confirms this and that Attorney Cocheo was able to cross examine Ms. Soto concerning the inconsistent statements.

It cannot be found that Ms. Soto was a surprise witness. The record clearly indicates that Attorney Cocheo was prepared for the witness and that a continuance was unnecessary and probably would not have been granted.

The petitioner alleges that the attorney was remiss in not hiring an investigator to conduct an independent investigation concerning telephone and school attendance records. By this allegation, petitioner is claiming that such information might cast doubt about the dates and times when the sexual activity with the victim was to have occurred. It has not been proven that this information would be helpful to the defense.

As also claimed in the petition that Attorney Cocheo failed to investigate the victim's reputation for veracity and problems with telling the truth. Also her reputation as an inveterate truant. There is no evidence, however, that such evidence existed or would have been helpful to the defense.

The petitioner alleges that Attorney Cocheo failed to interview the victim and assess her veracity for the truth and to prepare for cross examination. There is nothing to indicate, however, that the victim's parents would have allowed this type of interview. It is extremely doubtful that Attorney Cocheo could have been allowed to conduct such an interview. He was able, however, to cross examine the victim concerning her harassing telephone calls to petitioner and he intimated jealousy on her part.

It is also alleged that the attorney failed to secure an expert who would have cast doubt on the alleged victim's credibility. There is, however, no evidence that such an expert existed or would have been available.

The petition alleges that Attorney Cocheo failed to call any witnesses or produce evidence to bolster petitioner's credibility. However, one witness was called to vouch for petitioner's reputation for veracity. There is no evidence that any other such witnesses were available.

It is claimed that the attorney failed to interview witnesses or to produce an alibi under the facts and circumstances to cast doubt about the state's case. The offenses

> charged were all alleged to have occurred on diverse dates. There is nothing to indicate that an alibi defense would have been available for the petitioner or that, in view of the allegations, such a defense would have been helpful.
>
> It is claimed in the petition, that Attorney Cocheo suffered from multiple sclerosis, was taking medication and slept during the course of the trial. It is also claimed that the side effects of the disease and/or the medication would involve loss of memory, lack of attention, inability to focus and drowsiness. There is, however, no credible evidence that Attorney Cocheo suffered any of the claimed side effects. The transcript indicates that the attorney was well-prepared and fully participated in the trial. He made timely objections and conducted vigorous cross examinations. The conscientious and experienced judge who presided at the trial certainly would have intervened if counsel was sleeping or inattentive as alleged. There is nothing to indicate that the judge had any such concerns. This allegation concerning the health of the attorney has not been proven.

*Pagan,* 2013 WL 539195, at *3-4.

Petitioner claims that because Attorney Cocheo had passed away by the time of the state habeas trial, the court was "forced to resort to speculation and conjecture in order to find that Attorney Cocheo was not ineffective." Doc. #10 at 12. Further, petitioner claims that the "state court based its rulings on unsubstantiated facts." *Ibid*. Therefore, petitioner believes he is entitled to an evidentiary hearing.

A claim of ineffective assistance of counsel is reviewed in light of the well-established, two-part standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a defendant must show deficient performance—that counsel's conduct "fell below an objective standard of reasonableness" established by "prevailing professional norms"—and, second, a defendant must show that this deficient performance caused prejudice. *Id.* at 687–88; *see also Robinson*, 2016 WL 223693, at *4.

As to the showing of deficient performance, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and that "the

6

challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. As to the showing of prejudice, there must be a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The *Strickland* test itself is deferential to the strategic choices of counsel, and when a *Strickland* claim is presented by way of a state court prisoner's federal petition for writ of habeas corpus under 28 U.S.C. § 2254(d), a federal court's review of an ineffective assistance claim becomes "doubly deferential" to the determinations of trial counsel and the state courts. *See Woods*, 135 S. Ct. at 1376 (internal quotation marks and citation omitted); *see Robinson*, 2016 WL 223693 at *4.

The state habeas judge correctly stated the applicable law. *See Pagan*, 2013 WL 539195 at *2. Thus, in order to prevail, petitioner must show that this was an "unreasonable application" of *Strickland*, or that the habeas court decision was based on an "unreasonable determination" of the facts. He has not met this burden. Petitioner has not shown that Attorney Cocheo's performance at trial was deficient. As the state habeas court thoughtfully explained, Cocheo upheld all of his duties as an attorney. Further, petitioner has produced no evidence tending to show that any of Cocheo's supposed failings prejudiced petitioner in any way. Nor has petitioner produced any evidence that convinces me the habeas court's factual determinations were questionable, much less unreasonable. My review is limited to the state court record, and I am not at liberty to conduct an evidentiary hearing as requested by petitioner. *See Cullen*, 563 U.S. at 181-85. Accordingly, I conclude that petitioner is not entitled to relief on grounds of the ineffective assistance of his trial counsel.

*Appointment of Habeas Counsel*

Petitioner claims that the state habeas court erred by not appointing him counsel and for refusing to issue subpoenas prior to the habeas trial. Petitioner was initially appointed counsel to represent him and review the facts of his case. After such review, counsel concluded that there were no non-frivolous issues to pursue and withdrew representation consistent with the decision in *Anders v. California*, 386 U.S. 738 (1967). Petitioner then filed again for appointment of counsel and for issuance of subpoenas for expert witnesses. Both requests were denied, and petitioner proceeded *pro se* with his state habeas corpus claims.

Petitioner asserts that "he has a right to counsel in all criminal proceedings where his liberty is at stake." (Doc. #10 at 12). But it is well established that a criminal defendant does not have a federal constitutional right to counsel in a state habeas corpus proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 559 (1987). Nor has petitioner shown any prejudice from the state habeas court's denial of his subpoenas, much less that these denials amounted to a violation of his federal constitutional rights.

## CONCLUSION

Based on the foregoing, the petition for habeas corpus relief (Doc. #1) is DENIED, and respondent's motion to dismiss (Doc. #7) is GRANTED.

It is so ordered.

Dated at New Haven this 24th day of August 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge